40497. AKINS v. FEDERATED MUTUAL IMPLEMENT
& HARDWARE INSURANCE COMPANY et al.

DECIDED JANUARY 22, 1964.

*Carl Fredericks, William I. Aynes,* for plaintiff in error.
*Greene, Neely, Buckley & DeRieux, Burt DeRieux,* contra.

RUSSELL, Judge. "The mere fact that one event chronologically follows another is alone insufficient to establish a causal

relation between them. Post hoc non propter hoc. Evidence that a woman suffered a pain in her heart and other physical ailments after having swallowed a liquid . . . is, in the absence of evidence as to any facts tending to show a causal relation between the woman's physical condition and the swallowing of the liquid, insufficient to authorize an inference of fact that her condition was caused by the swallowing and the ill tasting effects of the liquid." *Payne v. Chandler,* 41 Ga. App. 385 (2) (153 SE 96). There is in this record nothing to show that the eating of the food caused the "spontaneous rupture" of the esophagus or in any way contributed to the disability which followed, except the mere fact that the two events are closely connected in time. We are cognizant of the reiterated statement that the distinction between proximate and remote causes is not to be too rigorously pressed in the application of the Workmen's Compensation Act, *Thomas v. U. S. Cas. Co.,* 218 Ga. 493 (3) (128 SE2d 749), *U. S. Cas. Co. v. Smith,* 162 Ga. 130, 137 (133 SE 851), but, even in heart cases, this court has consistently held that where there is an attack there must be some evidence, either of exertion sufficient in itself to suggest a causal connection or opinion evidence to this effect, to obliterate the probability of mere coincidence. See *Carpenter v. Lockheed Aircraft Corp.,* 93 Ga. App. 213 (91 SE2d 199).

Since the evidence certainly does not demand a finding that the food the claimant was eating in the course of his employment was a contributing proximate cause of his injury, the judge of the superior court did not err in affirming the award denying compensation.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*