## 51088. SPEER v. GEMCO ELEVATOR COMPANY, INC.

Webb, Judge.

Previously we remanded this case with direction that the original order granting Gemco's motions for judgment n.o.v. and for new trial be vacated, and a judgment entered in accordance with CPA § 50 (c) (1) specifying the grounds for granting or denying the motion for new trial. *Speer v. Gemco Elevator Co.,* 134 Ga. App. 360 (214 SE2d

425). Pursuant to that direction the trial court entered an order granting Gemco's motion for judgment n.o.v., and in the alternative and subject thereto, granting the motion for new trial upon the grounds (1) that the verdict and judgment were strongly against the weight of the evidence and (2) that the verdict in favor of Speer for $10,000 was "so grossly excessive as to justify the inference of gross mistake or undue bias on the part of the jury."

We affirm the grant of the judgment n.o.v. Speer's fingers were caught between the top of the handle and the elevator door frame when in assisting another student on crutches he opened the door of a freight elevator at Georgia State University commonly used by handicapped students. Subsequent examination of the elevator door revealed that the handle was mounted in such a way that whenever the door was opened the handle struck the door frame top. Although the handles on the elevator doors on the other three floors of the building were the same type, they were mounted upside down and did not strike the door frame when the door was opened. The elevators were installed sometime prior to 1956 by Otis Elevator Company. In 1966 the doors were altered and the handle in question placed thereon by Dover Elevator Company. In 1969 a maintenance agreement was entered into between Gemco and Georgia State.

Speer's complaint contended that Gemco was negligent "in failing to replace or repair said elevator door catch pursuant to their contract to maintain said elevators in proper operating condition." The maintenance agreement under which Gemco serviced the elevator expressly provided, however, that "repairs, replacement or refinishing of . . . door panels, hardware, frames, and sills" were not included in the contract, and that Gemco was "not required to alter existing equipment."

Since there was no duty owed to Georgia State by Gemco in connection with the placement or location of the handle in question, clearly there could be no duty owed to Speer. The fact that Speer sustained an injury, standing alone, cannot support a verdict against Gemco. *Phillips v. Ray-Jean, Inc.,* 84 Ga. App. 38, 40 (65 SE2d 617).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 17, 1975 — DECIDED SEPTEMBER 30, 1975 — REHEARING DENIED OCTOBER 21, 1975.

*Lefkoff & Hanes, George M. Fox,* for appellant.
*Lokey & Bowden, Glenn Frick,* for appellee.