A91A0271. LEE v. DEPARTMENT OF TRANSPORTATION.
(402 SE2d 551)

ANDREWS, Judge.

After the Department of Transportation condemned a portion of land owned by Lee, we reversed a jury verdict for the value of the land because the trial court erroneously excluded evidence of consequential damages to the remaining property. *Lee v. Dept. of Transp.*, 191 Ga. App. 1 (380 SE2d 726) (1989). The case was retried before a judge. Lee appeals from the judgment entered on retrial, claiming the trial court violated the law of the case rule by making findings of fact and conclusions of law with respect to consequential damages at odds with our previous ruling in *Lee*. See OCGA § 9-11-60 (h) (abolishing law of case rule except as applied to rulings by one of the appellate courts); *Continental Corp. v. Dept. of Transp.*, 185 Ga. App. 792, 793 (366 SE2d 160) (1988).

The law of the case is the "controlling legal rule established by a previous decision between the same parties in the same case." *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 822 (318 SE2d 657) (1984). "However, the principle only establishes the law of the case in its then existing evidentiary posture." (Emphasis omitted.) *Modern Roofing &c. Works v. Owen*, 174 Ga. App. 875 (332 SE2d 14) (1985). " '[A]ll questions as to pleadings and the effect of evidence adjudicated [by the previous decision] are binding as the law of the case on this court and, on a second trial of the case, in the court below, unless additional pleadings and evidence prevail to change such adjudications.' " *Monroe Motor Express v. Jackson*, 76 Ga. App. 280, 281 (45 SE2d 445) (1947).

We find no violation of the law of the case rule. First, the evidentiary posture of this case with respect to consequential damages has changed. Although we noted in *Lee* that evidence of consequential damages had been presented, we made no determination as to damages, holding only that the trial court had erroneously excluded this evidence. The judgment in the present appeal refers to findings of fact and conclusions of law based on evidence of consequential damages, or the lack of such evidence, considered by the judge on retrial. Second, because Lee expressly designated that no transcript of the evidence and proceedings on retrial be filed, even if portions of the

judge's findings and conclusions on retrial appear contrary to our determination in *Lee*, we must assume that any differences were supported by additional evidence or pleadings considered by the judge. *Butler v. First Family Mtg. Corp.*, 191 Ga. App. 360, 361 (381 SE2d 551) (1989); *Hunnicutt v. Hunnicutt*, 182 Ga. App. 578, 579 (356 SE2d 679) (1987).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 25, 1991.

*Thomas L. Washburn III*, for appellant.
*Weiner, Dwyer & Yancey, J. Matthew Dwyer, Jr., Carmen D. Smith, Michael J. Bowers*, Attorney General, *Roland F. Matson*, Senior Assistant Attorney General, for appellee.