A91A0011. NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION v. OGLETREE et al.
A91A0012. NEWTON CROUCH, INC. v. OGLETREE et al.
(405 SE2d 884)

POPE, Judge.

This is a wrongful death action for the death of plaintiff Ogletree's husband, who died as a result of injuries he sustained when a truck backed into him. Defendant Navistar International Transportation Corporation manufactured the cab and chassis of the vehicle and defendant Newton Crouch, Inc. installed a fertilizer spreader onto the truck chassis. The complaint alleges both defendants had a duty to design and manufacture their respective parts of the vehicle with due care for the safety of persons in the path of rearward movement of the vehicle. The complaint alleges both defendants breached that duty by failing to install an audible back-up alarm on the vehicle.

In the first appearance of this case before this court, we reversed the trial court's grant of summary judgment to defendant Navistar. *Ogletree v. Navistar Intl. Transp. Corp.*, 194 Ga. App. 41 (390 SE2d 61) (1989) ("*Ogletree I*"). Just over three months later, in an unrelated case, this court overruled the rationale and holding in *Ogletree I. Weatherby v. Honda Motor Co.*, 195 Ga. App. 169 (393 SE2d 64) (1990). The *Ogletree I* case had not yet proceeded to trial, and both defendants moved for summary judgment in reliance on our holding in *Weatherby*. The trial court denied the motions on the ground it was bound by the law of the case rule to follow the holding in *Ogletree I*. Defendants brought separate appeals which we have consoli-

dated herein for review.

1. Both defendants argue the law of the case rule does not require our initial opinion in this case to control the issues raised in their respective motions for summary judgment. "A decision by the [appellate court] is controlling upon the judge of the trial court, as well as upon the [appellate court] when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case, even though the ruling has been disapproved . . . before the second appearance of the case in that court." *Western & Atlantic R. Co. v. Third Nat. Bank of Atlanta*, 125 Ga. 489, 489-490 (1) (54 SE 621) (1906). Accord *Walden v. Nichols*, 204 Ga. 532 (2) (50 SE2d 105) (1948); *Shirling v. Hester*, 201 Ga. 706, 710 (1) (40 SE2d 743) (1946); *Southern Bell Tel. &c. Co. v. Glawson*, 140 Ga. 507 (79 SE 136) (1913); *Redmond v. Blau*, 153 Ga. App. 395 (265 SE2d 329)· (1980). Thus, our holding in *Ogletree I* is the law of the case and must be followed.

Both defendants cite this court's opinion in *Hart v. Eldridge*, 163 Ga. App. 295 (1) (293 SE2d 550) (1982), rev'd on other grounds 250 Ga. 526 (299 SE2d 560) (1983), in support of their argument against the application of the law of the case rule. The facts of *Hart* are distinguishable. Whereas the case now before us involves the application and interpretation of the common law, *Hart* involved the interpretation of a statute which, in the interim between the two appearances of the case before this court, was interpreted differently by the Georgia Supreme Court. More importantly, on certiorari of our holding in *Hart* to the Supreme Court, the Supreme Court expressly did not address the issue of whether this court's opinion violated the law of the case rule because, as the court noted, its opinion reversing this court's second ruling effectively restored our initial ruling. See *Hart v. Eldridge*, 250 Ga. 526 (2) (299 SE2d 560) (1983). Thus, even in *Hart*, the law of the case effectively prevailed.

2. Defendant Newton Crouch further argues that the law of the case rule does not preclude summary judgment in its favor because it was not a party to the first appeal and should not be bound by it. However, "[a]ll parties to the proceedings in the lower court *shall be* parties on appeal and shall be served with a copy of the notice of appeal. . . ." OCGA § 5-6-37. "The . . . language of the [statute] is all-inclusive and mandatory, with no exceptions provided." *Munday v. Brissette*, 113 Ga. App. 147, 150 (1) (148 SE2d 55), rev'd on other grounds 222 Ga. 162 (149 SE2d 110) (1966).

The rule does not apply, however, when the evidentiary posture of the case changes after the initial ruling of the appellate court. *Modern Roofing &c. v. Owen*, 174 Ga. App. 875 (1) (332 SE2d 14 (1985). See also *Stiltjes v. Ridco Exterminating Co.*, 192 Ga. App. 77

(2a) (386 SE2d 696) (1989). Even though Newton Crouch was not a party to the motion for summary judgment which was reviewed in the initial appeal of this case, the only issue raised by Newton Crouch's motion, i.e., whether the absence of a back-up alarm was an open and obvious characteristic of the vehicle so that it was not, as a matter of law, defective, was raised and reviewed in the initial appeal. Though the two defendants might present different evidence on the issue of the duty to install an alarm on the vehicle (an issue not raised by Newton Crouch's motion) the issue of whether the vehicle is not defective because the absence of the alarm was open and obvious is identical as to both defendants. Because the evidentiary posture of the case as to the sole issue on appeal is identical to the posture at the time of the first appeal, the law of the case rule must apply to defendant Newton Crouch as well as defendant Navistar.

*Judgments affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 18, 1991 —
REHEARINGS DENIED MAY 15, 1991 — 

*Neely & Player, Edgar A. Neely III, Richard B. North, Jr., E. Casgey Brock II*, for appellant (case no. A91A0011).

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Kathryn S. Whitlock, Joseph W. Watkins*, for appellant (case no. A91A0012).

*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow*, for appellees.