A96A1099. OGLETREE v. NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION.
(471 SE2d 287)

BEASLEY, Chief Judge.

This case first came before this Court in 1989 (*Ogletree v. Navistar Intl. Transp. Corp.*, 194 Ga. App. 41 (390 SE2d 61)), and then again in 1990 (*Navistar Intl. Transp. Corp. v. Ogletree*, 199 Ga. App. 699 (405 SE2d 884)). Judgment was thereafter entered on a jury ver-

dict for Ogletree but she moved for new trial on the issue of damages. Navistar moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied Ogletree's motion and granted Navistar's j.n.o.v. motion. Ogletree appealed both rulings.

Navistar then brought to the trial court's attention OCGA § 9-11-50 (c) (1) and case law interpreting it. The statute provides: "If the motion for judgment notwithstanding the verdict provided for in subsection (b) of this Code section is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for the new trial." Navistar requested the trial court to correct this procedural oversight, but Ogletree vigorously opposed the request and the trial court took no action.

Ogletree has now moved this court to remand the case for a conditional determination of Navistar's motion for new trial. Navistar argues that equitable considerations should prevent Ogletree from advocating the position she opposed before the trial court, but the law, and the sound administration of it, counsel otherwise. Where the trial court has not made the conditional ruling, the case must be remanded with direction that it be done, as we do here. OCGA § 9-11-50 (c) (1); *Melton v. Elbert Sales Co.*, 181 Ga. App. 61 (351 SE2d 261) (1986), and cases cited therein.

This is the proper procedure, rather than reversal of the trial court's order or dismissal of the appeal. *Speer v. Gemco Elevator Co.*, 134 Ga. App. 360, 364 (214 SE2d 425) (1975), overruled on other grounds *Smith v. Telecable of Columbus*, 140 Ga. App. 755 (232 SE2d 100) (1976).[1]

In *Jackson v. Williams*, 209 Ga. App. 640, 643 (3) (434 SE2d 98) (1993), this Court reviewed the ruling on the j.n.o.v. motion, even though in granting the motion the trial court had concluded that the motion for new trial was rendered moot and did not rule on it. In deciding the appeal, this Court held that the grant of j.n.o.v. was not error so there was, as we pointed out, "no harm." We decline to take that approach. Not only does it ignore the dictates of OCGA § 9-11-50 (c) (1), but it increases costs, delay and fragmentation of appeals and requires the court to address the merits of the trial court's j.n.o.v. ruling and only give final resolution to the case if the decision is to affirm. If the decision on the merits is to reverse the j.n.o.v., then it is necessary to remand for reinstatement of the verdict and a trial court

---

[1] The Supreme Court reversed this Court's ruling in *Smith* on other grounds, which does not affect the principle applied in this case. 238 Ga. 559 (234 SE2d 24) (1977).

consideration and determination of whether a new trial should be granted. When that is ruled on, another appeal could follow. All of the delaying and expensive shuffling back and forth is precluded by the simple expedient of deciding both motions at once. See *Speer*, supra. When the *Speer* case returned, we ruled, predictably, that we were compelled to affirm the grant of j.n.o.v. even though it was ordered solely on a question of law. *Speer v. Gemco Elevator Co.*, 136 Ga. App. 235 (220 SE2d 714) (1975).

Ruling on both alternatives at the same time also promotes a decision when the content of the trial is most fresh in the trial court's mind. That court has a broad discretion to grant a new trial on the general grounds, OCGA § 5-5-50, and we cannot assume that its discretion was exercised in this case and that it denied the motion sub silentio. Only general grounds provided in OCGA §§ 5-5-20 and 5-5-21 were urged. Appellate review of rulings on such grounds is very limited, but there must be assurance that the discretion was exercised. *Ricketts v. Williams*, 240 Ga. 148 (240 SE2d 41) (1977), vacated on other grounds, 438 U. S. 902 (98 SC 3118, 57 LE2d 1145) (1978). The trial courts, on the other hand, have a duty which carries with it a commensurate power far greater than that accorded to the appellate courts. "Ours is a function merely to see that the law is followed. Theirs is the solemn responsibility to see to it that justice is administered according to the evidence as well as the law." *Mills v. State*, 188 Ga. 616, 623 (4 SE2d 453) (1939).

It was peculiarly important for the trial judge to have ruled on both motions in this case, because she has been appointed to the superior court in the interim. Of course, when the case is remanded, the two courts could arrange for her to rule on the motions as a matter of expediency, due to her unique familiarity with the case. OCGA § 15-1-9.1.

Navistar had argued to the trial court that the dicta in *Housing Auth. &c. of Atlanta v. Geter*, 252 Ga. 196 (312 SE2d 309) (1984), means Ogletree's appeal did not act as supersedeas for the narrow purpose of deciding the motion for new trial, so that the trial court could rule on the motion without the appeal being remanded. In *Geter* the Supreme Court decided "the unique question of the effect of a notice of appeal upon a subsequent motion for new trial which is filed within the statutory period," and held: "In the event a motion for new trial is timely filed . . . the effectiveness of the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired." Id. at 197. This holding only addresses instances where a motion for new trial has been filed after a notice of appeal, not cases involving OCGA § 9-11-50 (c) (1), and its object is "to protect the integrity of the trial courts in their efforts to

do substantial justice and discourage races to the courthouse for the purpose of playing legal slapjack with notices and motions." Id.

On the other hand, when a motion for new trial is made in conjunction with a motion j.n.o.v. pursuant to OCGA § 9-11-50, and the trial court grants j.n.o.v. but fails to rule on the motion for new trial, the trial court loses jurisdiction when the notice of appeal is filed.

As this case must be remanded, it is not necessary to consider appellant's enumerations of error.

*Case remanded with direction. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 9, 1996.

*Winburn, Lewis & Barrow, Gene M. Winburn, John J. Barrow,* for appellant.

*Nelson, Mullins, Riley & Scarborough, Richard B. North, Jr., Jeffrey S. Burton,* for appellee.