## A96A1635. DINGLER v. MORAN.
### (479 SE2d 469)

McMURRAY, Presiding Judge.

Plaintiff Moran filed this tort action against defendant Dingler, his wife's grandfather. The complaint alleges that defendant was negligent in that he removed a protective guard from a circular table saw before allowing plaintiff to use the saw. Plaintiff maintains that injuries to his hand resulted from his attempt to use the saw in the absence of the protective guard which is placed over the saw blade to prevent injuries and which had been supplied with the saw when purchased by defendant.

In his deposition, plaintiff testified that some time prior to his injury defendant had given him permission to use anything in his workshop, but that there had been no conversation with defendant on the date of his injury concerning his use of the saw on that date. Indeed, defendant had not been home that day. Plaintiff had not previously worked with such a saw but had seen defendant use it, understood that the purpose of the saw was to cut things, and knew that his hand would be injured if it came into contact with the blade of the operating saw. Prior to his injury plaintiff recognized that the saw was on and the blade was turning. When plaintiff attempted to

make his first cut the board jumped pulling his hand into the blade of the saw.

There is no suggestion that the saw was defective in the operational sense, and plaintiff argues that the movement of the board causing his injury must have occurred when the saw blade "caught a knot" in the board he was attempting to cut. It must also be noted in connection with the absence of the blade guard that it was necessary to remove this device in order to perform certain tasks with the saw.

Defendant moved for summary judgment relying upon the "open and obvious rule" or "patent danger rule" that a product is not defective if the absence of a safety device is open and obvious, and there is no duty to warn of an obvious danger. See *Weatherby v. Honda Motor Co., Ltd.*, 195 Ga. App. 169 (393 SE2d 64). Plaintiff argued that defendant's conduct in permitting plaintiff to use the saw absent any information that defendant knew how to safely operate the saw was negligence, that plaintiff did not assume the risk in using the saw, and that a jury question remained as to whether the absence of the blade guard was a latent defect in the saw. After the superior court denied defendant's motion for summary judgment, we granted permission for an interlocutory appeal. *Held*:

We should first explain that defendant's reliance upon a line of product liability cases is appropriate since the relevant duties of a lender, such as defendant, share a common origin with those of a manufacturer. Restatement of the Law, Torts 2d, § 388 (along with the substantially similar section of the same number in the first edition) has been adopted as the law of Georgia. *Carter v. E. I. DuPont de Nemours & Co.*, 217 Ga. App. 139, 140 (456 SE2d 661); *Beam v. Omark Indus.*, 143 Ga. App. 142, 146-147 (237 SE2d 607), and is made applicable to manufacturers by Restatement of the Law, Torts 2d, § 394, and to lenders by Restatement of the Law, Torts 2d, § 405.

Restatement of the Law, Torts 2d, § 388 states: "One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier "(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous."

The "open and obvious rule" interacts with "(b)." Where an objective view of the chattel reveals an obvious or patent peril the supplier is provided a reason to believe that those for whose use the chattel is

supplied will realize its dangerous condition. This is sufficient to bar any recovery based on an injury caused by the obvious peril. *Weatherby v. Honda Motor Co., Ltd.*, 195 Ga. App. 169, 173, supra. Under the evidence in the case sub judice, we do not reach any further questions as to whether a lender's knowledge of the ignorance or incapacity of the person to whom the chattel is supplied will alter this conclusion. While plaintiff provided evidence of his inexperience concerning the saw, there is no indication that defendant may have been aware of this.

As a party who will not bear the burden of proof at trial, defendant did not need to conclusively prove the opposite of each element of plaintiff's case but could discharge his burden by showing that there was an absence of evidence to support plaintiff's case. Where defendant discharges this burden, plaintiff cannot rest on his pleadings but must point to specific evidence giving rise to triable issues. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

Finally, we conclude as a matter of law that the injuries in this case resulted from an obvious or patent peril. When viewed under the required objective standard, it is apparent that the turning saw blade was exposed and accessible so that "any user's hand might, through any of a myriad of negligent or accidental [saw operation] scenarios, come into contact with and be injured severely by the dangerous, exposed [saw blade]. The presence of this open and obvious danger was adequate to warn the user that use of the [saw] with an exposed [blade], regardless of the care taken in such use, could (and in fact did) result in serious injury to the user's [hand]." *Ream Tool Co. v. Newton*, 209 Ga. App. 226, 228 (4), 229-230 (433 SE2d 67).

It follows that the plaintiff is barred from any recovery. Thus, the superior court erred in denying defendant's motion for summary judgment.

*Judgment reversed. Ruffin, J., concurs. Johnson, J., concurs in the judgment only.*

DECIDED DECEMBER 17, 1996.

*Tisinger, Tisinger, Vance & Greer, John A. Harris*, for appellant.
*Glover & Davis, J. Littleton Glover, Jr., Mark E. Dacy*, for appellee.

