A97A0368, A97A0369. OGLETREE v. NAVISTAR
INTERNATIONAL TRANSPORTATION CORPORATION;
and vice versa.
(488 SE2d 97)

BEASLEY, Judge.

This is a wrongful death action for the death of plaintiff Ogletree's husband, who died as a result of injuries he sustained when a truck driven and owned by Campbell backed into him. The dispositive questions on appeal are whether the trial evidence that contradicted key summary judgment evidence considered by this Court in an earlier appeal changed the evidentiary posture of the case so as to preclude the application of the law of the case rule and, if so, whether j.n.o.v. was proper. Both questions are answered in the affirmative, and we affirm the j.n.o.v. in favor of the defendant.

## Factual Background

On March 10, 1984, Campbell drove his fertilizer spreader truck to Colbert Seed Company to pick up a load of ammonia nitrate. The fertilizer was located in a compartmentalized bulk-transport trailer called a "Killebrew" which required off-loading from the side. The Killebrew was equipped with a hydraulic motor to transfer its contained material to the transport vehicle, which motor could be quite loud.

The decedent, a salesman for an agricultural supply company, met Campbell at the seed company and rode on the running board of Campbell's truck to the area where the Killebrews were located. The decedent located the correct Killebrew, told Campbell, and disappeared from Campbell's view. Campbell pulled up and, aided by his rearview mirrors, began to back around to come up alongside a Killebrew different from the one designated by the decedent. Having turned his back to the approaching vehicle, the decedent was standing at the presenting end of the correct Killebrew; its engine was probably running. Campbell's view of the decedent being blocked by

the fertilizer spreader body, Campbell struck and killed the decedent as Campbell mistakenly backed his truck up to the adjacent Killebrew.

Defendant Navistar International Transportation Corporation's corporate predecessor manufactured the cab and chassis of the vehicle in 1978 and sold same to Penske Leasing. At that time, audible back-up alarms were available as optional equipment on the cab and chassis, but Penske did not request such a device, and one was not installed. Penske then had a van body installed on the vehicle, used the truck for some years, and then sold same to a Chevrolet dealership, which in turn sold the truck to Campbell. At Campbell's request, the dealership removed the van body before delivering it to him. After having a repair facility shorten the chassis and frame rail of the vehicle, Campbell employed Newton Crouch, Inc. to mount a fertilizer spreader body on the chassis. No back-up alarm was added at any time, and the vehicle did not have an alarm when it struck Ogletree. In approximately 20 years of being in the fertilizer business, Campbell had never seen a fertilizer spreader with a back-up alarm, nor had any other witness (expert or otherwise) who testified at trial.

### Procedural Background

Mrs. Ogletree, individually and as administratrix, sued Navistar for wrongful death, pain and suffering, and the funeral and medical expenses of her deceased husband. Other claims brought by Ogletree were later withdrawn or dismissed. Alleging that Navistar had a duty to design and manufacture the cab and chassis with due care for the safety of persons in the path of rearward movement of the vehicle, the amended complaint alleged Navistar breached that duty by failing to install an audible back-up alarm on the vehicle and by failing to place a warning on the vehicle that a back-up alarm was needed.

This is the fourth time this case has appeared before this Court. See *Ogletree v. Navistar Intl. Transp. Corp.*, 221 Ga. App. 363 (471 SE2d 287) (1996) *("Ogletree III")*; *Navistar Intl. Transp. Corp. v. Ogletree*, 199 Ga. App. 699 (405 SE2d 884) (1991) *("Ogletree II")*; *Ogletree v. Navistar Intl. Transp. Corp.*, 194 Ga. App. 41 (390 SE2d 61) (1989) *("Ogletree I")*. In the first appearance, *Ogletree I*, we reversed the trial court's grant of summary judgment to Navistar. Based on the evidence of record at that point, we found that there was a question of fact whether Navistar owed a duty to the decedent to install the alarm, and whether the decedent had appreciated the danger he was in due to the lack of the alarm. This Court's analysis of the latter question related in part to the "open and obvious rule," which is that

(1) a product is not defective if the absence of a safety device is open and obvious, and (2) there is no duty to warn of an obvious danger. *Dingler v. Moran*, 224 Ga. App. 59, 60 (479 SE2d 469) (1996); *Coast Catamaran Corp. v. Mann*, 171 Ga. App. 844 (321 SE2d 353) (1984), aff'd, 254 Ga. 201 (326 SE2d 436) (1985).[1] In *Ogletree I*, we held that the user's actual knowledge of the danger posed by a product was necessary to establish assumption of the risk and invoke the rule. *Ogletree I*, supra at 44-45.

Just over three months later, this Court held that the "open and obvious rule" applies if an *objective* view of the product discloses the absence of the safety device even though the user may not actually appreciate the danger posed by the product. *Weatherby v. Honda Motor Co., Ltd.*, 195 Ga. App. 169, 171-172 (393 SE2d 64) (1990). Expressly overruling *Ogletree I*, the Court stated that "we should not have reversed the grant of summary judgment to" Navistar. Id. at 172.

Based on the same record considered in *Ogletree I*, Navistar then moved for summary judgment in reliance on *Weatherby*, which the trial court denied based on the law of the case rule. That led to *Ogletree II*, which held that "[b]ecause the evidentiary posture of the case as to the sole issue on appeal is identical to the posture at the time of the first appeal, the law of the case rule" bound both the parties and this Court to *Ogletree I* and precluded summary judgment. *Ogletree II*, supra at 701.

The matter was then tried to a jury, which found for the plaintiff and awarded $5,576 for funeral and medical expenses, zero dollars for the life of the decedent, and zero dollars for pain and suffering. Judgment was entered for Ogletree, but she moved for a new trial on the issue of damages. Navistar moved for a j.n.o.v. or, in the alternative, for a new trial. The trial court denied Ogletree's motion and granted Navistar's j.n.o.v. motion. Ogletree appealed both rulings.

On appeal, the Court in *Ogletree III* remanded the case to the trial court with direction to issue a ruling on Navistar's conditional motion for a new trial. See OCGA § 9-11-50 (c) (1).[2] The trial court responded with an order denying the motion for new trial.

In Case No. A97A0368, Ogletree appealed the rulings previously appealed in *Ogletree III*, and in Case No. A97A0369, Navistar

---

[1] The Supreme Court decision affirming *Mann* was later disapproved on other grounds, which does not affect the principle applied here. *Banks v. ICI Americas*, 264 Ga. 732 (450 SE2d 671) (1994).

[2] Procedurally, at this point the trial court was authorized, but not required, to vacate its previous order granting j.n.o.v. as incomplete and to enter a new order addressing both the j.n.o.v. and new trial motions. See *Nat. Bank of Ga. v. Refrigerated Transport Co.*, 147 Ga. App. 240, 241 (I) (248 SE2d 496) (1978).

appealed the denial of a new trial. We consider Ogletree's appeal first.

## Case No. A97A0368

The j.n.o.v. motion set forth three separate and independent grounds: (1) the law of the case rule no longer applied; (2) there was no evidence that Navistar was negligent in its design and manufacture of the cab and chassis; and (3) any possible defect in the design was not a proximate cause of the damages sustained. Because we affirm on the first ground, we do not reach the second and third grounds.

The law of the case rule is set forth in OCGA § 9-11-60 (h), which provides that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." As we stated in *Ogletree II*, this "rule does not apply, however, when the evidentiary posture of the case changes after the initial ruling of the appellate court. [Cits.]" *Ogletree II*, supra at 700 (2). Because in *Ogletree II* Navistar had simply renewed its motion for summary judgment based upon the identical record as had been before the Court in *Ogletree I*, the law of the case rule applied.

In *McLean v. Continental Wingate Co.*, 222 Ga. App. 805, 807 (1) (476 SE2d 83) (1996), we described two situations where the evidentiary posture of a case changes so as to bar application of the law of the case rule. "First, the evidentiary posture changes when a new issue not previously addressed by an appellate court is raised by amended pleadings or otherwise." Id. See *May v. Macioce*, 200 Ga. App. 542, 544 (2) (409 SE2d 45) (1991); *Modern Roofing &c. v. Owen*, 174 Ga. App. 875, 876 (1) (332 SE2d 14) (1985). "[S]econd, the posture changes when the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented." *McLean*, supra at 807. See *Mom Corp. v. Chattahoochee Bank*, 203 Ga. App. 847 (1) (418 SE2d 74) (1992); *Yaeger v. Stith Equip. Co.*, 185 Ga. App. 315, 316 (364 SE2d 48) (1987) (additional affidavits submitted in second motion for summary judgment showed indisputably defendant was not a manufacturer of the defective product; rule inapplicable). Neither is the case here.

But there is yet a third situation when the evidentiary posture changes.[3] If additional evidence is submitted that "in any material or

---

[3] There is some logic also in arguing that the evidentiary posture of a case appealed at the summary judgment stage necessarily changes when that case is appealed following a full-blown trial. However, this Court has implicitly held that this alone is not the kind of

substantial particular change[s] or var[ies] the case upon its actual merits as it appeared when here before," then the law of the case rule does not apply. *Monroe Motor Express v. Jackson*, 76 Ga. App. 280, 281 (45 SE2d 445) (1947). The additional evidence must pertain to the issue considered on the first appeal. *Atlanta Journal &c. v. Long*, 259 Ga. 23, 24 (2) (376 SE2d 865) (1989).

Thus, in *Stiltjes v. Ridco Exterminating Co.*, 192 Ga. App. 778 (386 SE2d 696) (1989), an action claiming the defendant's chemicals caused a wrongful death, the law of the case rule was inapplicable because the holding in the first appeal (*Stiltjes v. Ridco Exterminating Co.*, 178 Ga. App. 438 (343 SE2d 715) (1986)) was based on evidence in the summary judgment record that the chemicals at issue (pyrethrins) were dangerous to persons suffering from asthma. "At trial, however, it was generally conceded that pyrethrins were safe, appellant's own expert opined that 'the whole argument of pyrethrins can be thrown out,' and autopsy findings indicated no pyrethrins in the blood of appellant's decedent. Instead, appellant's theory was that the odor of the pesticides, an irritant to which asthmatics are unusually sensitive, triggered the attack. Thus, the evidentiary posture of the case had changed by the time of trial, rendering the law of the case rule as expressed in the previous appeal inapplicable. [Cit.]" *Stiltjes*, 192 Ga. App. at 779 (2) (a). See *Lee v. Dept. of Transp.*, 198 Ga. App. 716 (402 SE2d 551) (1991) (additional damages evidence at second trial of case changed evidentiary posture; rule inapplicable); *Harrison v. Dorsey*, 184 Ga. App. 870, 872 (363 SE2d 151) (1987) (evidence at second trial was "materially different" from evidence at first; rule inapplicable). Cf. *Peters*, supra at 400 (1) (a) (evidence at trial did not change "in a material way" from summary judgment evidence; rule applicable).

The trial evidence was materially different from the summary judgment evidence upon which this Court relied in reaching the result in *Ogletree I*. In determining that there was an issue of fact whether Navistar owed a duty to install the alarm, we considered "the lengthy affidavit of a licensed professional engineer who in essence stated that the trade custom of not installing back-up alarms on such cabs and chassis was in violation of the standard of care in the industry as given by the Society of Automotive Engineers, Inc., and not in compliance with certain regulations of the Occupational Safety & Health Administration." *Ogletree I*, supra at 43-44. This Court considered this testimony "relevant to whether or not an ordi-

change which would preclude the application of the law of the case rule. See *Peters v. Hyatt Legal Svcs.*, 220 Ga. App. 398 (469 SE2d 481) (1996). But see *Ga. Bldg. Svcs. v. Perry*, 193 Ga. App. 288, 299 (6) (387 SE2d 898) (1989) ("the evidentiary posture of the case will undoubtedly change upon retrial").

narily prudent manufacturer would install the alarm. [Cits.]" Id. at 46-47. Finding that the experts' testimony was "in dispute regarding . . . the trade custom and industry practice, which relates to the standard of due care to be exercised by an ordinarily prudent person," we concluded there was evidence of negligence which precluded summary judgment. Id. at 48.

At trial this expert did not testify, and Ogletree presented new experts who freely admitted the inaccuracy of that previous testimony. Those experts conceded that the Society of Automotive Engineers standard cited at the summary judgment stage does not apply to the vehicle at issue, that the OSHA standard in question does not require back-up alarms on such vehicles, and that no government regulation nor industry standard requires or even recommends the installation of a back-up alarm on the vehicle in question. This is a material change in the evidence considered in *Ogletree I*. As in *Stiltjes*, the testimony at the trial regarding negligence changed the evidentiary posture of the case, and the law of the case rule no longer applied.

The evidentiary posture also changed with regard to the open and obvious issue. At the summary judgment stage, the affidavit evidence did not address the obviousness of the hazard that confronted the decedent or the decedent's personal knowledge of it. The only potentially relevant evidence was Campbell's deposition testimony that on the day of the accident the decedent had not been behind the vehicle as it backed off the weighing scales immediately prior to continuing on to the Killebrew. Thus, there was no evidence that the decedent knew just prior to the accident of the obviousness of the hazard.

At trial, two eyewitnesses testified that the decedent stood behind the vehicle and directed Campbell as he backed the vehicle off the scales. Other testimony indicated that the decedent was familiar with Campbell's fertilizer spreader and with fertilizer spreader vehicles in general (the evidence was uncontradicted such vehicles had never had back-up alarms) and would have driven them or helped back them up toward a Killebrew. Plaintiff's new expert at trial also testified that the absence of the back-up alarm would be obvious to anyone who had been around the truck. Thus, on this second issue addressed in *Ogletree I*, the trial evidence differed materially from the summary judgment evidence, changing the evidentiary posture of the case and rendering the law of the case rule inapplicable.

When that rule does not apply, this Court should apply "the law existing at the time of its decision, even if the law has changed since a prior adjudication." *McLean*, supra at 808 (Beasley, C. J., concurring specially). See *Powell v. Dougherty Christian Academy*, 215 Ga. App. 551, 552 (451 SE2d 465) (1994). Accordingly, *Weatherby*, supra,

applies. It held that a manufacturer cannot be found negligent under the precise circumstances of this case. Judgment n.o.v. was proper.

### Case No. A97A0369

The conclusion that j.n.o.v. was proper moots the rulings on the motions for new trial and the appeal of Navistar.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 19, 1997 — 

*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow,* for appellant.

*Nelson, Mullins, Riley & Scarborough, Richard B. North, Jr., Jeffrey S. Burton, Tara R. Simkins,* for appellee.