S97A2078. LANGSTON et al. v. ALLEN et al.
S97X2080. ALLEN v. LANGSTON et al.
(493 SE2d 401)

HUNSTEIN, Justice.

Michael and Nancy Langston brought suit against Orma Lee Allen to recover damages arising out of an automobile accident that seriously injured both Michael Langston and Allen. The Langstons amended their complaint to have Allen's conveyance of her residence to her daughter, Juanita Coots,[1] set aside on the basis of fraud. See OCGA § 18-2-22. Both matters were tried to a jury. In Case No. S97A2078 the Langstons appeal the denial of their motion for judgment n.o.v. as to the verdict finding the conveyance was not fraudulent; Allen cross-appeals in Case No. S97X2080 from the judgment on the verdict in favor of the Langstons in the liability action. We affirm both judgments.

1. "It is well established that whether a deed was made with the intent to delay or defraud creditors is a question of fact for the jury to decide from all of the circumstances of the case. [Cit.]" *Goodman v. Lewis,* 247 Ga. 605, 606 (1) (277 SE2d 908) (1981). Although the evidence was strongly controverted, the jury was authorized to believe testimony by Allen and her daughter that Allen's idea of transferring the property to her daughter pre-dated the accident; that the transfer occurred after the accident in which Allen was seriously hurt because Allen wanted to put an end to family conflicts over who would get the house upon her death; that at the time of the transfer Allen thought her automobile insurance policy would cover the Langstons' injuries; and that she did not realize her house could be taken from her as a result of the accident. Contrary to the Langstons' argument, the inadequacy of consideration alone is not sufficient to set aside a conveyance where, as here, the inadequate consideration when taken in connection with other circumstances fails to raise a " 'vehement presumption of fraud.' " *Durrence v. Durrence,* 267 Ga.

---

[1] The automobile accident occurred in August 1993. The property was conveyed in November 1993. The Langstons filed their suit in April 1994.

280, 282 (476 SE2d 741) (1996).

A judgment n.o.v. is properly granted only when there can be but one reasonable conclusion as to the proper judgment; if there is any evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is not error to deny the motion. *First Union Nat. Bank v. Davies-Elliott, Inc.*, 215 Ga. App. 498 (1) (a) (452 SE2d 132) (1994). Because there was some evidence from which the jury could properly find that Allen's conveyance of her property to her daughter was not made with the intention to defraud her creditors in violation of OCGA § 18-2-22 (2), the trial court did not err by denying appellants' motion for j.n.o.v.

Although the evidence established that the conveyance, made five months before the Langstons filed suit against Allen, left Allen without any realty, the burden was on the Langstons as the complainants to establish Allen's insolvency. See *Mercantile Nat. Bank v. Aldridge*, 233 Ga. 318 (2) (210 SE2d 791) (1974). Whether a debtor is solvent or insolvent is a question of fact for the jury. *Goodman*, supra, 247 Ga. at 606 (1). Because the evidence adduced did not demand a verdict that Allen was insolvent at the time of the conveyance and could not pay her debts, see OCGA § 18-2-22 (3), the trial court did not err by denying the Langstons' motion for j.n.o.v. See generally *First Union Nat. Bank*, supra.

2. Because the Langstons' requested charge was an incomplete statement of the law, it was correctly refused by the trial court. *Hoard v. Maddox*, 202 Ga. 274 (1) (42 SE2d 744) (1947).

3. Allen contends in her cross-appeal that the trial court erred by directing a verdict against her on the issue of liability. Even assuming, arguendo, that the portions of the transcript before this Court are all that are necessary for our determination of this issue, but see *Ga. Receivables v. Williams*, 218 Ga. App. 313 (2) (461 SE2d 280) (1995), our review of the transcript excerpts reveals that Allen could not remember what happened at the accident and that her treating physician, who reviewed Allen's blood tests taken in the hospital after the accident, could not state that Allen's critically-elevated blood sugar levels[2] played any role in the accident and expressly acknowledged that she was not prepared to state that Allen was suffering from any type of diabetic incident at the time of the accident. "[M]ental or physical impairment is never presumed. [Cit.]" *Lee v. Augusta Coach Co.*, 223 Ga. 72, 73 (153 SE2d 429) (1967). " 'The mere

---

[2] The doctor testified that loss of consciousness could result from the level of blood sugar tested in Allen's blood, but testified that the elevation could have been caused by the trauma of the accident. Allen testified that she had been diagnosed as a diabetic several years earlier but was no longer taking medication and had no problems with her blood sugar at the time of the accident.

fact that one event chronologically follows another is alone insufficient to establish a causal relation between them.'" *Akins v. Federated Mut. &c. Ins. Co.*, 108 Ga. App. 872-873 (134 SE2d 854) (1964). See also *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200 (1) (345 SE2d 904) (1986). In the absence of any evidence that the accident resulted when Allen suffered a sudden fainting spell which was not the product of her negligence, compare *Freeman v. Martin*, 116 Ga. App. 237 (1) (156 SE2d 511) (1967), the trial court did not err by granting the Langstons' motion for a directed verdict on the issue of liability. See generally *Battey v. Savannah Transit Auth.*, 123 Ga. App. 685 (1) (182 SE2d 129) (1971).

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 24, 1997.

*Leitner, Williams, Dooley & Napolitan, David W. Noblit, Robert P. Manning,* for appellants.

*John R. Emmett, Davis & Kreitzer, John W. Davis, Jr.,* for appellees.