S97G1697. OGLETREE v. NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION.
(500 SE2d 570)

CARLEY, Justice.

The predecessor of Navistar International Transportation Corporation (Navistar) manufactured the cab and chassis of a fertilizer spreader truck. The owner of the truck backed it over Mrs. Jackie Ogletree's husband, causing his death. Mrs. Ogletree brought this wrongful death action, alleging that Navistar had a duty to install an audible back-up alarm on the vehicle. The case has a long appellate history, beginning with *Ogletree v. Navistar Intl. Transp. Corp.*, 194 Ga. App. 41 (390 SE2d 61) (1989) which shortly thereafter was overruled in *Weatherby v. Honda Motor Co.*, 195 Ga. App. 169, 171-172 (393 SE2d 64) (1990). See also *Navistar Intl. Transp. Corp. v. Ogletree*, 199 Ga. App. 699 (405 SE2d 884) (1991); *Ogletree v. Navistar Intl. Transp. Corp.*, 221 Ga. App. 363 (471 SE2d 287) (1996). The present appeal arises from the judgment entered on the jury verdict which awarded Mrs. Ogletree funeral and medical expenses only. Mrs. Ogletree moved for a new trial on the issue of damages, and Navistar moved for judgment n.o.v. or, in the alternative, for a new trial. The trial court denied both motions for a new trial, but granted Navistar's alternative motion for judgment n.o.v. On appeal, the Court of Appeals applied the "open and obvious danger" rule, as interpreted in *Weatherby*, and affirmed the trial court's grant of Navistar's motion for judgment n.o.v. *Ogletree v. Navistar Intl.*

*Transp. Corp.*, 227 Ga. App. 11 (488 SE2d 97) (1997). Under that rule, the manufacturer's failure to equip its product with a safety device is not an actionable design defect if the absence of the device is an open and obvious danger. We granted certiorari to consider whether this rule remains viable in light of *Banks v. ICI Americas, Inc.*, 264 Ga. 732 (450 SE2d 671) (1994). We hold that the "open and obvious danger" rule is not controlling in a case where, as here, it is alleged that a product has a design defect. Therefore, we reverse the judgment of the Court of Appeals and remand the case for consideration of the remaining enumerations of error.

Under the obvious danger rule, the patent absence of a safety device is dispositive and the manufacturer will not be liable for damages based on a consumer's injury which allegedly would not have occurred had such device been present. However, in adopting the risk-utility analysis for determining whether a product is defectively designed, we recognized that "no finite set of factors can be considered comprehensive or applicable under every factual circumstance." *Banks v. ICI Americas, Inc.*, supra at 736 (1). Furthermore, the risk-utility factors which were explicitly mentioned in *Banks* encompass the degree to which the danger in the product is open and obvious. *Banks v. ICI Americas, Inc.*, supra at 736-737 (1), fn. 6. This consideration of the patency of a particular defect as but one of many factors in determining the reasonableness of design decisions is consistent with the foreign cases which have abandoned or rejected the obvious danger rule. *Weatherby v. Honda Motor Co.*, supra at 172. Indeed, the decisions from other jurisdictions cited by this Court as persuasive authority for adopting the risk-utility analysis were rendered by courts which use the obviousness of the defect as only one factor in that analysis. *Raymond v. Amada Co.*, 925 FSupp. 1572, 1577 (II) (B) (1) (N.D. Ga. 1996). Thus, our holding in *Banks* was an implicit rejection of the obvious danger rule.

The overwhelming majority of jurisdictions have held that the open and obvious nature of the danger does not preclude liability for design defects. 2 Am. Law Prod. Liab. 3d, § 28:82 (1997 Rev.); Restatement (Third) of Torts: Products Liability, § 2, reporter's notes to comment d (1997). According to the new Restatement, a preliminary draft of which was relied upon in *Banks*, the obvious danger rule is not viable. Restatement, supra at § 2, comments d, g. Moreover, academic commentators are almost unanimous in their criticism of the rule. Restatement, supra at § 2, reporter's note 4 to comment d.

"The bottom does not logically drop out of a negligence case against the maker when it is shown that the purchaser knew of the dangerous condition. Thus if the product is [one]

with exposed moving parts, or . . . dangerous to the limbs of the operator, and if it would be feasible for the maker of the product to install a guard or safety release, it should be a question for the jury whether reasonable care demanded such a precaution, though its absence is obvious. Surely reasonable men might find here a great danger, even to one who knew the condition; and since it was so readily avoidable they might find the maker negligent." ([Cit.])

*Micallef v. Miehle Co., Div. of Miehle-Goss Dexter,* 384 NYS2d 115, 120 (N.Y. 1976). This rationale also "applies to the question of how the obviousness of a hazard . . . affects the determination of defectiveness or of unreasonableness of danger for purposes of 'strict' products liability. [Cits.]" 5 Harper, James & Gray, The Law of Torts, § 28.5, p. 73 (Supp. 1998).

Total reliance upon the hypothetical ordinary consumer's contemplation of an obvious danger diverts the appropriate focus and may thereby result in a finding that a product is not defective even though the product may easily have been designed to be much safer at little added expense and no impairment of utility. [Cit.] Uncritical rejection of design defect claims in all cases wherein the danger may be open and obvious thus contravenes sound public policy by encouraging design strategies which perpetuate the manufacture of dangerous products. [Cits.]

*Camacho v. Honda Motor Co.,* 741 P2d 1240, 1246 (Colo. 1987). See also Prosser and Keeton on Torts, § 99, p. 698 (5th ed. 1984). "The patent danger doctrine encourages manufacturers to be outrageous in their design, to eliminate safety devices, and to make hazards obvious." *Auburn Mach. Works Co. v. Jones,* 366 S2d 1167, 1170 (Fla. 1979). See also 2 Am. Law Prod. Liab., supra at § 28:82; 5 Harper, James & Gray, supra at § 28.5, p. 362 (2d ed. 1986).

The open and obvious nature of the danger in a product is logically only one of many factors which affect the product's risk and, therefore, making that single factor dispositive is not consistent with this Court's mandate in *Banks* that the product's risk must be weighed against its utility. *Raymond v. Amada Co.,* supra at 1577 (II) (B) (1). Furthermore, that mandate incorporates the concept of "reasonableness" and applies negligence principles to the determination of whether a product is defective for strict liability purposes. *Banks v. ICI Americas, Inc.,* supra at 734-735 (1). Thus, the distinction between negligence and strict liability is not significant for purposes of the risk-utility analysis. See *Morales v. American Honda Motor*

*Co.,* 71 F3d 531, 536 (II) (B) (6th Cir. 1995); 2 Am. Law Prod. Liab., supra at § 28:8, p. 28-18. Accordingly, we find no justification for the "open and obvious danger" rule as to design defect cases whether brought in strict liability or in negligence. 5 Harper, James & Gray, supra at § 28.5, p. 73 (Supp. 1998). Most jurisdictions do retain the rule in "failure to warn" cases. Restatement, supra at § 2, reporter's note to comment j. However, we need not decide that issue today because Mrs. Ogletree has alleged "a design defect, that is, the absence of a back-up alarm. . . ." *Carter v. Massey-Ferguson, Inc.,* 716 F2d 344, 347 (II) (5th Cir. 1983). To the extent that *Weatherby v. Honda Motor Co.,* supra, or any other appellate decision is inconsistent with this opinion, they are hereby overruled.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MAY 18, 1998.

*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow,* for appellant.

*Nelson, Mullins, Riley & Scarborough, Richard B. North, Jr., Tara R. Simkins,* for appellee.

*Brown & Shamp, Robert H. Brown III,* amicus curiae.