S99G0770. OGLETREE et al. v. NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION.
(522 SE2d 467)

CARLEY, Justice.

The owner of a fertilizer spreader truck backed it over Mrs. Jack Ogletree's husband, causing his death. Mrs. Ogletree brought this wrongful death action, alleging that Navistar International Transportation Corporation (Navistar), as manufacturer of the truck's cab and chassis, had negligently breached a duty to install an audible back-up alarm on the vehicle. At trial, the jury returned a verdict in

favor of Mrs. Ogletree, but awarded damages for funeral and medical expenses only. Mrs. Ogletree made a motion for new trial on the issue of damages, and Navistar moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied both motions for new trial, but granted Navistar's motion for judgment n.o.v. The case has a long appellate history: *Ogletree v. Navistar Intl. Transp. Corp.*, 194 Ga. App. 41 (390 SE2d 61) (1989) (*Ogletree I*); *Navistar Intl. Transp. Corp. v. Ogletree*, 199 Ga. App. 699 (405 SE2d 884) (1991) (*Ogletree II*); *Ogletree v. Navistar Intl. Transp. Corp.*, 221 Ga. App. 363 (471 SE2d 287) (1996) (*Ogletree III*); *Ogletree v. Navistar Intl. Transp. Corp.*, 227 Ga. App. 11 (488 SE2d 97) (1997) (*Ogletree IV*); *Ogletree v. Navistar Intl. Transp. Corp.*, 269 Ga. 443 (500 SE2d 570) (1998) (*Ogletree V*); *Ogletree v. Navistar Intl. Transp. Corp.*, 236 Ga. App. 89 (511 SE2d 204) (1999) (*Ogletree VI*). In *Ogletree IV*, the Court of Appeals applied the "open and obvious danger" rule and affirmed the trial court's grant of Navistar's motion for judgment n.o.v. On certiorari in *Ogletree V*, this Court held that the open and obvious danger rule was no longer viable in design defect cases, in light of our adoption of the risk-utility analysis in *Banks v. ICI Americas*, 264 Ga. 732 (450 SE2d 671) (1994). On remand, the Court of Appeals again affirmed the judgment n.o.v. in favor of Navistar, on the grounds that Navistar was not negligent in failing to install a back-up alarm and that the risk of the cab and chassis without the alarm did not outweigh the usefulness of the product in that unequipped condition. *Ogletree VI*, supra at 94 (2). We granted certiorari to consider the opinion in *Ogletree VI*. Because there was some evidence that the risk outweighed the utility of the cab and chassis without the alarm, the issue of negligent design cannot be decided as a matter of law and, therefore, we reverse the judgment of the Court of Appeals.

Division 2 of the Court of Appeals' opinion engages in the risk-utility analysis only after separately applying general negligence principles in Division 1. However, those concepts cannot be treated as distinct theories of recovery. In a negligent design case, the risk-utility analysis applies to determine whether the manufacturer is liable. Thus, the mandate that a product's risk must be weighed against its utility incorporates the concept of "reasonableness," so as to apply negligence principles in the determination of whether the manufacturer defectively designed its product. *Ogletree V*, supra at 445; *Banks v. ICI Americas*, supra at 734-735 (1). Accordingly, the Court of Appeals should not have employed negligence principles separately, but only insofar as they are part of the risk-utility analysis delineated in *Banks*. Therefore, Division 1 of the Court of Appeals' opinion does not furnish an independent basis for affirming the trial court's grant of judgment n.o.v.

A judgment n.o.v. is properly granted only when there can be but one reasonable conclusion as to the proper judgment; if there is any evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is not error to deny the motion. [Cit.]

*Langston v. Allen*, 268 Ga. 733, 734 (1) (493 SE2d 401) (1997). See also *Sims v. Sims*, 265 Ga. 55, 56 (452 SE2d 761) (1995). The Court of Appeals relied upon certain foreign cases involving the absence of back-up alarms and resulting in favorable rulings for the manufacturers. *Ogletree VI*, supra at 95 (2), fn. 22. However, those decisions are not the only authority on the subject. In other cases from one of the same jurisdictions and at least two additional ones, the courts have concluded that this particular issue of the absence of a warning device was for the jury. *Fernandez v. Ford Motor Co.*, 879 P2d 101, 113 (N.M. App. 1994); *Tirrell v. Navistar Intl.*, 591 A2d 643, 651 (V) (N.J. Super. A.D. 1991); *Childers v. Joseph*, 842 F2d 689, 697 (IV) (B) (3d Cir. 1988) (applying Pennsylvania law). With regard to the applicable law of Georgia, we recently emphasized that " '[t]he trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable. (Cit.)' [Cits.]" *Robinson v. Kroger Co.*, 268 Ga. 735, 739 (1) (493 SE2d 403) (1997). Moreover, in *Banks*, this Court indicated that it is for the trier of fact to consider the numerous factors which are pertinent in balancing the risk of the product against its utility or benefit. Of course, *Banks* does not mean that adjudication as a matter of law "is no longer appropriate in any case in which a design defect is alleged." *Sharpnack v. Hoffinger Indus.*, 223 Ga. App. 833, 834 (1) (479 SE2d 435) (1996). Even so, determination of a product's risks and benefits as a matter of law, such as in the context of a motion for judgment n.o.v., "will rarely be granted in design defect cases when any of these elements is disputed." 2 Am. Law Prod. Liab. 3d, § 28:16 (1997 Rev.). Indeed, the adoption of the risk-utility analysis in this state has actually increased the burden of a defendant, in seeking a judgment as a matter of law, to show plainly and indisputably an absence of *any* evidence that a product as designed is defective. *Raymond v. Amada Co.*, 925 FSupp. 1572, 1578 (II) (B) (1) (N.D. Ga. 1996).

In applying the risk-utility test in Division 2, the Court of Appeals set forth certain "undisputed facts" which were relevant to each of the factors enumerated in the non-exhaustive list in *Banks v. ICI Americas*, supra at 736 (2), fn. 6. However, this list of undisputed facts failed to include other evidence which weighed in favor of the verdict against Navistar. In determining whether a judgment is demanded as a matter of law, a court should not rely upon certain

evidence merely because it is not specifically contradicted, while disregarding other relevant evidence which may be equally undisputed. *Plemons v. Belcher*, 231 Ga. 814, 816 (204 SE2d 120) (1974). In reviewing the grant of a judgment n.o.v., an appellate court " 'must decide whether *all* the evidence *demanded it*, or whether there was *some* evidence *supporting the verdict* of the jury. (Cit.) A judgment notwithstanding the verdict is improperly granted in the face of conflicting evidence. . . . (Cit.)' [Cit.]" (Emphasis supplied.) *Hart v. Fortson*, 263 Ga. 389, 390 (435 SE2d 45) (1993). "A judgment notwithstanding the verdict may not be granted because the strength or weight of the evidence is on one side. [Cit.]" *Atlanta Obstetrics & Gynecology Group, P.A. v. Coleman*, 260 Ga. 569, 570 (398 SE2d 16) (1990). Moreover, even if the facts in a case are entirely uncontradicted and uncontroverted, where " 'there is room for difference of opinion between reasonable men as to whether or not negligence should be inferred, the right to draw the inference is peculiarly within the exclusive province of the jury.' [Cits.]" *Bryant v. Colvin*, 160 Ga. App. 442, 444 (287 SE2d 238) (1981).

> "Where there is any evidence upon which the verdict can be based, the jury is free to disbelieve whatever facts are inconsistent with their conclusion and the court cannot substitute its conclusion for that of the jury and enter a judgment notwithstanding the verdict. . . ." [Cits.]

(Emphasis omitted.) *Williams v. Swint*, 239 Ga. 66-67 (1) (235 SE2d 489) (1977). Here, the trial court erred in granting judgment n.o.v. in favor of Navistar, "[a]s the evidence for the defendant was not 'plain, palpable, and indisputable,' there was some evidence supporting the verdict of the jury, and all of the evidence did not demand a verdict for the defendant. . . ." *Bryant v. Colvin*, supra at 445. Even though, as the Court of Appeals observed, this litigation has been "tortured and protracted," we must reject any unauthorized shortcut around our jury system. Once again, therefore, we reverse the judgment of the Court of Appeals.

*Judgment reversed. All the Justices concur, except Benham, C. J., and Fletcher, P. J., who dissent.*

FLETCHER, Presiding Justice, dissenting.
The majority notes that *Banks v. ICI Americas*[1] does not preclude adjudication as a matter of law in a design defect action. I agree with this principle; however, I also agree with the well-reasoned opinion of the Georgia Court of Appeals that this is one of

---

[1] 264 Ga. 732 (450 SE2d 671) (1994).

those cases that demands judgment as a matter of law. Therefore, I dissent.

I am authorized to state that Chief Justice Benham joins in this dissent.

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 15, 1999.

*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow,* for appellants.
*Nelson, Mullins, Riley & Scarborough, Richard B. North, Jr., Scott P. Hilsen,* for appellee.
*Brown & Shamp, Robert H. Brown III, King & Spalding, Chilton D. Varner, Philip E. Holladay, Jr., Amy M. Power,* amici curiae.