A01A2132. CORNISH v. BYRD WELDING SERVICE, INC.
(557 SE2d 432)

ELDRIDGE, Judge.

Appellee-defendant Byrd Welding Service, Inc. manufactured metal stairs installed on the premises of ADCHEM, Inc., a chemical plant located in Kennesaw, as a means of reaching a second-floor storage platform. ADCHEM employee, appellant-plaintiff Thomas Cornish slipped and fell on the stairs while bringing supplies from the platform to ground level for a production chemical batch, suffering spinal injuries to his neck. Cornish brought the instant action for damages, as amended, against Byrd Welding, averring that the stairs had been defectively designed and manufactured in that they rose vertically in excess of 12 feet from the floor at ground level to the storage platform above. Cornish filed his motion for new trial upon the jury's verdict for Byrd Welding and the state court's judgment entered thereon, arguing that the state court erred in charging the jury it could consider the open and obvious danger of the product stairs as an additional factor pertinent to risk-utility analysis in determining liability for design defect. Cornish contended that open and obvious danger as a defense to strict liability improperly shifted the burden of proof to the plaintiff. On appeal, Cornish seeks reversal of the state court's judgment for Byrd Welding, renewing his argu-

ment below. Finding no merit therein, we affirm.

Cornish correctly points out that the pattern risk-utility jury charge does not explicitly set out the open and obvious nature of the danger of a product as a risk-utility factor. Suggested Pattern Jury Instructions, Vol. I: Civil Cases (3rd ed. rev. 1999), pp. 258a-258b. However, it does not follow that a charge explicitly doing so impermissibly shifts the burden of proof to the plaintiff as Cornish urges it does. An instruction authorizing a jury to consider open and obvious danger in a product as one among many risk-utility factors in a design defect case, as here, is not the functional equivalent of an instruction as to the open and obvious danger rule,[1] a rule no longer proper in design defect cases "whether brought in strict liability or in negligence. 5 Harper, James & Gray, [The Law of Torts,] § 28.5, p. 73 (Supp. 1998)."[2] *Ogletree v. Navistar Intl. Transp. Corp.*, 269 Ga. 443, 446 (500 SE2d 570) (1998). Neither can the instant instruction making explicit what is implicit in the law be deemed to make less accurate that which otherwise accurately states the law of the case. See *Harris v. State*, 141 Ga. App. 213, 215 (3) (233 SE2d 21) (1977) (charge making explicit that which is implicit in a statute is proper). "[T]he risk-utility factors which were explicitly mentioned in *Banks [v. ICI Americas*, 264 Ga. 732, 736-737 (1), n. 6 (450 SE2d 671) (1994), and restated by the instant pattern jury charge, see Suggested Pattern Jury Instructions, supra,] encompass the degree to which the danger in the product is open and obvious." *Ogletree v. Navistar Intl. Transp. Corp.*, supra at 444. In light of the foregoing, we conclude that no error obtained upon the complained-of charge as given by the state court.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2001.

*Hertz, Link & Smith, Eric J. Hertz, Mark D. Link, Houston D. Smith III*, for appellant.

---

[1] "Under the obvious danger rule, the patent absence of a safety device is dispositive and the manufacturer will not be liable for damages based on a consumer's injury which allegedly would not have occurred had such device been present." *Ogletree v. Navistar Intl. Transp. Corp.*, 269 Ga. 443, 444 (500 SE2d 570) (1998).

[2] "The open and obvious nature of the danger in a product is logically only one of many factors which affect the product's risk and, therefore, making that single factor dispositive is not consistent with this Court's mandate in *Banks v. ICI Americas*, 264 Ga. 732 (450 SE2d 671) (1994), that the product's risk must be weighed against its utility. *Raymond v. Amada Co.* [, 925 FSupp. 1572, 1577 (II) (B) (1) (N.D. Ga. 1996)]." Id. at 445.

*Crim & Bassler, Harry W. Bassler, Joseph M. Murphey*, for appellee.