73031. SPIVEY et al. v. VAUGHN.
(354 SE2d 870)

BENHAM, Judge.

Appellee's decedent was fatally injured when he fell and struck a piling while waterskiing. Appellants are father and son, the owner and operator, respectively, of the motorboat behind which the decedent was skiing at the time he sustained the fatal injury. Appellants sought and were granted the right to file an interlocutory appeal from the trial court's denial of their motion for summary judgment.

Appellants maintain they are entitled to summary judgment because the decedent assumed the risk of injury. It is undisputed that appellee's decedent was an excellent waterskier, a proficient slalom skier, and had, prior to his fall, both skied and operated the motorboat in the area of the accident. Appellant/driver of the boat and a passenger (now married to appellant/driver) were deposed and stated that the decedent, immediately prior to his fatal fall, was slalom skiing, crisscrossing the boat's wake. On his last maneuver before his fall, he came from the left rear of the boat, crossed the wake to the right rear of the boat where he lost his balance, fell, and tumbled into the pilings. Appellant/driver testified that the pilings could be seen prior to the accident and the waves were not breaking over the top of the pilings. The passenger testified that she had had no difficulty seeing the pilings. Both witnesses stated the day was sunny or a little overcast and windy, causing the water to be rough or choppy. A man who had previously skied with both the decedent and appellant/driver executed an affidavit in which he swore that the decedent appeared to know what he was doing while executing ski maneuvers, and that the decedent had displayed his ability to ski in a variety of water conditions, including choppy water.

The question presented to this court is whether the record presents facts so plain and palpable that they demand a finding by the court as a matter of law that the decedent "had some actual knowledge of the danger; that he understood and appreciated the risk therefrom, and that he voluntarily exposed himself to such risk." *Abee v. Stone Mtn. Memorial Assn.*, 169 Ga. App. 167 (1) (312 SE2d 142) (1983). "It is axiomatic that issues of negligence, assumption of risk, contributory negligence, and comparative negligence are not susceptible of summary adjudication except in plain, palpable and indisputable cases." *Malvarez v. Ga. Power Co.*, 166 Ga. App. 498 (2) (304 SE2d 542) (1983). In the case at bar, the threshold question is whether the decedent had actual knowledge of the pilings. In his dep-

osition, appellant/driver testified that it appeared to him that the decedent was aware of the pilings. In opposition to appellants' motion for summary judgment, appellee filed the affidavit of a "water safety expert" who opined that the decedent "did not have knowledge of the pilings and did not understand and appreciate the risk immediately prior to being injured because of the rough water conditions, the speed of the boat and the speed of the skier himself." Pretermitting any discussion on the necessity of expert testimony, the conclusory nature of the expert's averments, and the basis for the expert's conclusion, is our concern that the facts of this case are not worthy of summary adjudication. While appellants have presented evidence from which a jury could conclude that the decedent was aware of the existence of the pilings, they have not been able to prove that plainly, palpably, and indisputably the decedent was in fact aware of the pilings.

Appellants maintain that the pilings were open and obvious and insist that the decedent is charged or bound with notice of their presence. We cannot agree. We cannot, as a matter of law, charge the decedent with actual knowledge of the hazard on evidence that appellant/driver and his passenger saw it and the driver believed the decedent to be aware of the hazard. Again, while a factfinder is entitled to conclude from this evidence that the decedent had knowledge, the same determination cannot be made as a matter of law.

The cases cited by appellants do not run afoul of our holding herein. In each case, the victim knew the danger and accepted it and the concomitant risk. See *Knowles v. Vickery*, 172 Ga. App. 593 (323 SE2d 841) (1984) (the injured skier's own testimony was the source for the conclusion that the risk was open, apparent, recognized and assumed by the victim); *Mann v. Hart County Elec. &c. Corp.*, 180 Ga. App. 340 (349 SE2d 215) (1986) (the decedent had been warned of the danger and its general location and the decedent had mentioned the plan he had to deal with the danger); *Sims v. Willoughby*, 179 Ga. App. 2 (345 SE2d 626) (1986) (the injured diver's depositional testimony reflected his full awareness of the water depth and the risk therein); *Shuman v. Mashburn*, 137 Ga. App. 231, 233 (223 SE2d 268) (1976) and *Simmons v. Classic City Beverages*, 136 Ga. App. 150 (4) (220 SE2d 734) (1975) (wherein the injured parties "saw the whole picture" and chose to proceed); *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665 (88 SE2d 6) (1955) (the decedent's knowing and voluntary action was to become intoxicated); *Freeman v. Martin*, 116 Ga. App. 237 (156 SE2d 511) (1967) (the car owner/passenger negligently entrusted his automobile to an incompetent driver with knowledge of the incompetency and assumed a passenger status, knowing the driver was intoxicated).

Appellants urge that it is "illogical" to insist upon testimony

from the victim to determine his knowledge since such a requirement would preclude assumption of the risk as a defense in all cases in which the victim was killed. While entitlement to summary adjudication may be more difficult to prove when the alleged risk assumer is dead, the defense itself is not vitiated. Instead, it is then up to a factfinder to determine whether the facts are such as to conclude that the victim assumed the risk. We point out that assumption of the risk has been found to exist as a matter of law in several cases in which the victim died as a result of injuries sustained while assuming the risk. See, e.g., *Mann v. Hart County Elec. &c. Corp.*, supra; *Pertilla v. Farley*, 141 Ga. App. 620 (234 SE2d 125) (1977). However, more often than not, whether a now deceased victim assumed the risk is a matter for jury determination. See *Rainey v. City of East Point*, 173 Ga. App. 893 (328 SE2d 567) (1985); *Malvarez v. Ga. Power Co.*, supra; *Stern v. Wyatt*, 140 Ga. App. 704 (231 SE2d 519) (1976). Such is the situation in the case at bar.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 10, 1987.

*Arthur H. Glaser, G. Randall Moody*, for appellants.

*Gilchrist M. Gibson, Palmer H. Ansley, A. J. Welch, Jr., David P. Winkle*, for appellees.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*