75005. DORSEY TRAILERS SOUTHEAST, INC.
v. BRACKETT et al.
(363 SE2d 779)

CARLEY, Judge.

Appellant-defendant is the manufacturer of a hydraulic lift device known as a "bucket truck." One of appellant's "bucket trucks" was purchased by the employer of appellee-plaintiff Mr. Earl Brackett. Appellee Mr. Brackett was seriously injured when the lift arm on his employer's "bucket truck" collapsed. He and his wife, appellee-plaintiff Mrs. Vickie Brackett, filed this action, alleging the existence of a design defect in the "bucket truck" and seeking a recovery against appellant in strict liability and in negligence. Appellee Mr. Brackett sought to recover for his physical injuries and his wife sought to recover for loss of consortium.

Appellant answered and denied the material allegations of appellees' complaint. After a period of discovery, appellant filed a motion for summary judgment. The trial court denied appellant's motion but certified its order for immediate review. Appellant applied to this court for an interlocutory appeal and this appeal results from the

grant of appellant's application.

1. In support of its enumeration of the denial of its motion for summary judgment as error, appellant urges that there was no design defect in its product upon which a recovery in tort by appellees would be authorized.

The evidence of record, when construed most strongly in favor of appellees as the non-moving parties, would show the following: The performance of certain normal and necessary acts of servicing and maintenance required that the "bucket truck's" rotation motor occasionally be removed from the unit. However, there was nothing to indicate how a removed motor should be repositioned in the unit and the design of the "bucket truck" was not such that the removed motor could be remounted only if it was returned to occupy its original position and orientation as to the other component parts of the unit. Instead, the design was such that the seemingly successful remounting of a removed motor could be achieved regardless of whether it was returned to its original position and orientation within the unit or the reverse thereof. That the motor had been remounted in the reverse or backwards position and orientation from that which it had originally occupied would not necessarily be apparent from a physical examination of the "bucket truck" as a whole or of the motor as an individual component thereof. There were apparently no arrows or other specific markings on the motor itself or its mounting which would serve to indicate that the realignment of a remounted motor was proper or improper. Thus, a "bucket truck" in which the motor had been remounted with a backwards or reverse orientation gave the visual appearance of normality. Moreover, the "bucket truck" would in fact operate in a normal manner with a backwards-oriented motor so long as the lift arm was not fully extended. At the point of full extension of the lift arm, however, a motor remounted in a backwards-orientation could, and in this case did, come into physical contact with certain other component parts within the unit. When this physical contact between the motor and other parts was made, the result was a total failure of the hydraulic system and the ultimate collapse of the lift arm.

In urging that, under this construction of the evidence, there was no actionable design defect in its product, appellant relies upon the fact that the motor of the "bucket truck" which injured appellee Mr. Brackett had been removed and then remounted in a backwards position rather than returned to its original orientation. In *Talley v. City Tank Corp.*, 158 Ga. App. 130, 135 (3) (279 SE2d 264) (1981), it was held that a manufacturer is entitled to have the alleged defectiveness of its product judged by the product's original design and that if "the evidence is uncontroverted that the original design of the manufacturer's product has been totally eliminated and replaced so that the

only similarity between the old and new is the mere basic function to be performed, no such issue [of liability] remains. [Cit.]" However, here, unlike in *Talley*, it is the original design of appellant's "bucket truck" that is alleged by appellees to be defective and there is no evidence of any elimination or replacement of that original design. Under the evidence, the original design of the "bucket truck" was such that its servicing and maintenance required the occasional removal and remounting of the motor. Accordingly, appellant should have anticipated that, as designed, a "bucket truck" would be put to use after its motor had been removed and remounted. If it could be anticipated that the "bucket truck" would continue to be put to use after the removal and remounting of its motor, then appellant had a duty as to design so that the use of the product subsequent to the removal and remounting of its motor would create no hidden danger. " '[I]f in the normal functioning of the product as designed, such function creates a danger or peril that is not known to the user or bystander, then the manufacturer is liable for injuries proximately caused by such danger.' [Cit.]. . . . It is true that when the use to which a product was being put at the time of injury is not that originally intended by the manufacturer, liability of the manufacturer depends initially upon the foreseeability of that particular use. [Cit.] However, it is likewise true that ' "[t]he maker of an article for sale or use by others must use reasonable care and skill in designing it . . . so that it is reasonably safe for the purposes for which it is intended, *and for other uses which are foreseeably probable. . . .*" ' [Cits.]" (Emphasis in original.) *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 335 (2) (319 SE2d 470) (1984).

Thus, under the evidence of record, that the "bucket truck" had been put to use after the removal and remounting of its motor shows employment of the product as it had been originally designed by appellant. That the motor had been remounted with a backwards orientation does not show the elimination and replacement of appellant's original design. It illustrates the hidden danger in appellant's original design insofar as it required the removal of the motor but facilitated the remounting of the motor in what was the deceptively normal appearing but ultimately dangerous backwards position. Accordingly, appellant would be provided no defense from potential liability because just such a removal and remounting of the motor as illustrates the alleged defectiveness of the original design of its "bucket truck" occurred in this case. The trial court did not err in failing to hold as a matter of law that appellant's "bucket truck," as originally designed, was not an actionable defective product and a proximate cause of appellee Mr. Brackett's physical injuries.

2. Appellant further urges that, under the evidence of record, it had no duty to warn against the possible backwards remounting of

the motor of its "bucket truck." In a products liability case, the existence of a duty to warn "depends upon foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger. [Cit.] Such matters generally are not susceptible of summary adjudication and should be resolved by a trial in the ordinary manner. [Cit.]" *Giordano v. Ford Motor Co.*, 165 Ga. App. 644, 645-646 (2) (299 SE2d 897) (1983). See also *Evershine Prods. Inc. v. Schmitt*, 130 Ga. App. 34, 37 (3) (202 SE2d 228) (1973). Our review of the record shows nothing which would remove this case from the rule that foreseeability is generally a jury question. Accordingly, the trial court did not err in failing to grant summary judgment in favor of appellant on the issue of its duty to warn.

3. Appellant further contends that any duty to warn was fully satisfied by its mailing of a service bulletin to purchasers of its "bucket truck," including appellee Mr. Brackett's employer, prior to the occurrence of any injury. Where a warning has been made by a manufacturer, "[t]he sufficiency of that warning is for the jury. [Cit.]" *Beam v. Omark Indus.*, 143 Ga. App. 142, 145 (1b) (237 SE2d 607) (1977). "The adequacy of the warnings and instruction on a label in light of the foreseeable danger is a jury question. It is also a jury question whether or not the manufacturer was negligent in failing to place a warning in such position, color and size print or to use symbols which would call the user's attention to the warning or cause the user to be more likely to read the label and warning than not." McIntosh, Eldridge's Ga. Prods. Liability, § 2-24, p. 49. "Whether adequate efforts were made to communicate a warning to the ultimate user and whether the warning if communicated was adequate are uniformly held questions for the jury. [Cits.]" *Stapleton v. Kawasaki Heavy Indus.*, 608 F2d 571, 573 (2) (5th Cir. 1979) (applying Georgia law). See also *Center Chemical Co. v. Parzini*, 234 Ga. 868, 871 (6) (218 SE2d 580) (1975); *Evershine Prods. v. Schmitt*, supra. Accordingly, the trial court did not err in failing to grant summary judgment in favor of appellant as to the adequacy of its warning.

4. Appellant urges that it was entitled to the grant of summary judgment because appellee Mr. Brackett assumed the risk as a matter of law. "[T]he question presented to this court is whether the record presents facts so plain and palpable that they demand a finding by the court as a matter of law that the [injured party] 'had some actual knowledge of the danger; that he understood and appreciated the risk therefrom, and that he voluntarily exposed himself to such risk.' [Cit.] 'It is axiomatic that issues of negligence [and] assumption of risk . . . are not susceptible of summary adjudication except in plain, palpable and indisputable cases.' [Cit.]" *Spivey v. Vaughn*, 182 Ga. App. 91 (354 SE2d 870) (1987). The evidence of record here does not show a "plain, palpable and indisputable" case of appellee Mr. Brack-

ett's assumption of risk and the trial court did not err in failing to grant summary judgment to appellant based upon that defense.

5. Appellant also urges that the trial court erred in refusing to grant its motion to strike the affidavit of appellee Mr. Brackett as being contradictory to statements appearing in his deposition. However, error, if any, in the trial court's failure to grant appellant's motion to strike would be harmless. Even absent the affidavit of appellee Mr. Brackett, appellant did not otherwise meet its burden as the movant for summary judgment and would not have been entitled to judgment as a matter of law.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 20, 1987 —
REHEARING DENIED DECEMBER 3, 1987 —

*J. Robert Persons, Harvey R. Spiegel*, for appellant.
*Mary M. Oliver, Martha M. Glisson, W. Seaborn Jones*, for appellees.