75722. MOON v. YANCY et al.
(366 SE2d 357)

SOGNIER, Judge.

Mike L. Moon instituted an action against Patricia and William

Yancy, alleging that the Yancys had converted funds due him from a partnership or joint venture. The Yancys are North Carolina residents, and jurisdiction was alleged under the provisions of OCGA § 9-10-91, the Georgia long arm statute. The Yancys answered and moved to dismiss for lack of personal jurisdiction, and Moon appeals from the trial court's grant of the Yancys' motion.

1. Appellant contends the trial court erred by striking his affidavit submitted in response to the motion to dismiss. In their affidavits in support of the motion, appellees stated they had conducted business in Georgia, but only in their capacities as employees of several corporations, including Banner House, Inc., in which corporation they are shareholders and officers, as revealed by their answers to interrogatories. In appellant's affidavit in response to the motion to dismiss, he attempted to "pierce the corporate veil."

The record does not include a transcript of the hearing on appellees' motion to dismiss. The trial court recites that a hearing was held, and that appellees objected to and moved to strike appellant's affidavit, but fails to specify the reason for its striking. The parties, in their briefs on appeal, address this enumeration by dealing with the issue of whether appellant's affidavit meets the requirement set forth in OCGA § 9-11-56 (e) that it be based on personal knowledge, which requirement is applicable as well to motions to dismiss under the provisions of OCGA § 9-11-12 (b). *McPherson v. McPherson*, 238 Ga. 271, 272 (1) (232 SE2d 552) (1977). Our own examination of appellant's affidavit reveals no other possible basis on which the trial court could have based its decision to strike the affidavit, and therefore we focus our analysis on that ground. It is true that the jurat does not recite that the affidavit is made on personal knowledge, and some of the statements sworn to in the affidavit are conclusory. However, the affidavit also includes statements which clearly are based on personal knowledge, such as that appellant "dealt with [appellees] as individuals" and that "they represented to [appellant] that they owned" the business in Georgia with which appellant dealt. "Even if appellant's [affidavit does] contain some material which is not derived from personal knowledge and therefore does not satisfy the requirements of OCGA § 9-11-56 (e) . . . , those portions of the [affidavit] which clearly are derived from personal knowledge do meet the requirements of the statute and must be considered. [Cit.]" *Falcone Intl. v. Clowes*, 184 Ga. App. 442, 443 (1) (361 SE2d 708) (1987). Accordingly, it was error for the trial court to strike appellant's affidavit in its entirety.

2. The admissible portions of appellant's affidavit at least arguably raise a question of fact as to whether appellees, who were the principal shareholders and officers of Banner House, Inc., conducted their "private and corporate business on an interchangeable or joint

basis as if they were one," such as to deprive them of standing to complain when appellant did the same. *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61, 63 (250 SE2d 851) (1978). If appellant has sufficiently "pierced the corporate veil," it is clear that appellees are subject to the Georgia court's jurisdiction under OCGA § 9-10-91. Since the trial court erroneously failed to consider any portion of appellant's affidavit, as discussed in Division 1, supra, we vacate the trial court's grant of appellees' motion to dismiss, and remand this case to the trial court for consideration of whether the evidence, including those admissible portions of appellant's affidavit, indicates that the corporate identity alleged by appellees should be disregarded, thus subjecting appellees, as individuals, to the jurisdiction of the trial court. After the trial court's ruling pursuant to this opinion, whichever party may be aggrieved by such new ruling will be free to pursue whatever right of appeal may be available at that time, in accordance with appropriate appellate procedure.

*Judgment vacated and case remanded. Beasley, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 9, 1988 —
REHEARING DENIED FEBRUARY 23, 1988.

*Michael E. Garner*, for appellant.
*Robert C. Martin, Jr.*, for appellees.