A96A0208. SIRMONS v. DERST BAKING COMPANY et al.

(470 SE2d 515)

POPE, Presiding Judge.

Plaintiff Evelyn Sirmons filed a complaint on October 24, 1994, against Carolina Foods, Inc.; Derst Baking Company; and DeWitt Hires d/b/a Pogo Food Stores, for injuries she claimed she incurred when she bit into a honeybun which contained a dime. In her complaint, Sirmons claimed that defendants were negligent and wantonly disregarded her safety in selling her the defective honeybun. She claimed that Carolina Foods had manufactured the bun; that the bun was then sold to Derst Baking Company; that Derst then sold the bun to Hires d/b/a Pogo Food Stores; and that she bought the bun from Pogo Food Stores.

Hires filed a motion for summary judgment, arguing that as the retail seller of the bun, it had no liability to Sirmons. In support of its motion, Hires argued that Sirmons had admitted that when she purchased the bun it was in a sealed cellophane package which had not been pierced or opened in any manner. Derst also filed a motion for summary judgment contending that it bought the honeybuns from Carolina Foods and that they had already been packaged and labeled. Derst presented evidence and argued that it was only the distributor of the product, that it did nothing to alter the condition or packaging of the honeybun, and that in the absence of evidence that it knew or should have known of the defective product, there could be

no liability.

The court granted both motions, and Sirmons appeals. Citing OCGA § 51-1-23, and numerous cases including *Ray v. Deas*, 112 Ga. App. 191 (144 SE2d 468) (1965), and *Crosby v. Calaway*, 65 Ga. App. 266 (16 SE2d 155) (1941), Sirmons argues that a jury question was presented since Hires and Derst *ought to* have known of the presence of the dime in the honeybun.

The undisputed evidence was that the bun was in a sealed cellophane package which had not been pierced or opened in any way until Sirmons opened it. Sirmons testified that the package appeared airtight and that there was nothing unusual about the packaging. Sirmons stated that before buying it, she felt the bun to make sure it was fresh. She testified that she heated the bun in the store's microwave oven before eating it and that the dime was in the last bite of the bun.

"It is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article purchased and sold by him for the purpose of discovering latent or concealed defects, but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality, and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury." (Citations and punctuation omitted.) *Lowe v. American Machine & Foundry Co.*, 132 Ga. App. 572, 576 (1) (a) (208 SE2d 585) (1974).

In the context of food products, "[i]f the goods sold are in the original package sealed and unbroken, and it is a perfect appearing package, and it is impossible, in the practical use of the package in the retail trade, to discover the hidden unwholesomeness or imperfection without breaking the package, and the dealer has no positive knowledge, or notice amounting to imputed knowledge, of the hidden imperfection, ordinary care does not require the dealer to open the same, and as a matter of law he would not be negligent under these circumstances." (Citation and punctuation omitted.) *Brock v. Simpson*, 103 Ga. App. 800, 801 (120 SE2d 885) (1961); see also *Davis v. Williams*, 58 Ga. App. 274 (2) (198 SE 357) (1938).

Unlike the cases upon which Sirmons relies, the situation here does not involve retailers or restaurateurs, who dispense food, like ice cream, by removing it from a container and delivering it to a customer. See, e.g. *Crowley v. Lane Drug Stores*, 54 Ga. App. 859 (189 SE 380) (1936). Nor is this a situation in which the dime in the honeybun ought to have been apparent to Derst or Hires through the

packaging. Cf. *Albany Coca-Cola Bottling Co. v. Shiver*, 67 Ga. App. 359 (20 SE2d 181) (1942).[1] In the instant case, there is no evidence to support Sirmons' contention that the presence of the dime should have been known to Derst and Hires.

Similarly, Sirmons' argument that a theory of res ipsa loquitur applies is without merit since there "is a failure of proof of an essential element of res ipsa loquitur — the requirement that the injury result from an agency or instrumentality within *exclusive* control of the defendant." (Citation and punctuation omitted; emphasis in original.) *Tyler v. Pepsico, Inc.*, 198 Ga. App. 223, 227 (2) (c) (400 SE2d 673) (1990). The motion for summary judgment was properly granted.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED APRIL 8, 1996.

*E. Kontz Bennett, Jr.*, for appellant.
*Barrow, Sims, Morrow & Lee, Jordan D. Morrow, Brennan & Wasden, Wiley A. Wasden III, Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner, Joseph R. Odachowski*, for appellees.

---

[1] Sirmons does not raise breach of warranty arguments. See generally *Ellis v. Rich's, Inc.*, 233 Ga. 573 (212 SE2d 373) (1975).