A99A0407. DANIELS v. BUCYRUS-ERIE CORPORATION.
(516 SE2d 848)

Judge Harold R. Banke.

In 1992 Carroll Daniels was severely injured when a crane manufactured by Bucyrus-Erie Corporation tipped over onto him. Before lifting two 12-ton ice machines off the top of a building owned by Daniels' employer, the crane owner-operator had "cribbed" (placed additional supports under) only two of the four horizontal outrigger arms. The first lift occurred without incident. During the lift of the second machine, an unsupported outrigger arm sunk eight inches in the ground, causing the crane to tip, which resulted in the arm telescoping back into its housing. Daniels was working nearby when the crane toppled.

Daniels sued Bucyrus-Erie for defective product (non-locking outrigger arms) and failure to warn of (i) the need for supports under the arms, (ii) the lack of locks for the arms, and (iii) the arms' propensity to telescope when tipped. Because the crane was manufactured in 1972, the court relied on the ten-year statute of repose (OCGA § 51-1-11) to enter summary judgment on the defective product claim. The statute of repose does not apply to "failure to warn" claims. *Chrysler Corp. v. Batten*, 264 Ga. 723, 727 (4) (450 SE2d 208) (1994). Months later the court also entered summary judgment on the "failure to warn" claim, holding there was no duty to warn and no proximate causation. The latter order is the subject of this appeal. *Held*:

Unlike defective design claims which are subject to a "risk-utility" analysis (*Banks v. ICI Americas*, 264 Ga. 732 (450 SE2d 671) (1994)), "failure to warn" claims are treated differently. An open and obvious danger no longer alone bars design defect claims in Georgia, but may bar "failure to warn" claims. See *Ogletree v. Navistar Intl. Transp. Corp.*, 269 Ga. 443, 446 (500 SE2d 570) (1998). Although *Ogletree* declined to address the issue head-on, earlier precedent holds

> it is well-established that there is no duty resting upon a manufacturer or seller to warn of a product-connected danger which is obvious or generally known, or of which the person who claims to be entitled to the warning has actual knowledge.

(Citations and punctuation omitted.) *Coast Catamaran Corp. v. Mann*, 171 Ga. App. 844, 847 (2) (321 SE2d 353) (1984), aff'd, 254 Ga. 201 (326 SE2d 436) (1985), overruled on other grounds, *Banks*, supra; *Hunt v. Harley-Davidson Motor Co.*, 147 Ga. App. 44, 45 (248 SE2d 15) (1978).

*Bodymasters Sports Indus. v. Wimberley*, 232 Ga. App. 170, 174-175 (2) (501 SE2d 556) (1998), recently held summary judgment was required on a "failure to warn" claim where the plaintiff knew that her wet shoes could slip from the foot platform on the exercise machine. "[S]ince she was aware of the danger she claims she should have been warned against, the failure to post signs warning of such danger could not have been the proximate cause of her injury. [Cit.]" Id. at 174; see *Weatherby v. Honda Motor Co.*, 195 Ga. App. 169, 173 (393 SE2d 64) (1990) ("[a] manufacturer is under no duty to warn of a product-connected danger which is obvious or generally known"), overruled on other grounds, *Ogletree*, supra, 269 Ga. at 446. A corollary to this rule is that "[w]here the product is vended to a particular group or profession, the manufacturer is not required to warn

against risks generally known to such group or profession." (Citations and punctuation omitted.) *Exxon Corp. v. Jones*, 209 Ga. App. 373, 375 (433 SE2d 350) (1993).

Daniels admits that the crane operator was keenly aware of the very risks about which Daniels claims he should have been warned. The warnings proposed by Daniels' experts would have provided the crane operator with no unknown information.

Taking a different tack, Daniels argues that he, as an innocent bystander, should have received the following warning: "Do not stand near machine if not adequately cribbed." Daniels proposes that this should have been placed on the outside of the outrigger arms for all to see. This contradicts the testimony of his experts that the proposed warnings were primarily for the benefit of the crane operator and should have been placed in the cab or manual of the crane. Only one expert testified as to the need for warnings on the arms, and even this was not for bystanders.

Nor would it make sense to place such warnings on the crane outrigger arms to warn innocent bystanders. Beyond the visibility problems and the bystander's inability to determine whether the machine is adequately cribbed, a bystander could do little about it.

> [I]t would appear that the warning need not necessarily be given to the person actually injured in order for the manufacturer to escape liability. It would seem that the warning may be given to a person in a position such that he may reasonably be expected to act so as to prevent the danger from manifesting itself.

(Citation and punctuation omitted.) *Stovall & Co. v. Tate*, 124 Ga. App. 605, 613 (184 SE2d 834) (1971). *Tate* affirmed summary judgment to a lawn mower manufacturer where the lawn mower had discharged a rock injuring plaintiff standing nearby. The court held that the user's knowledge of the hazard excused any lack of warning. See *Exxon Corp.*, supra, 209 Ga. App. at 375-376 (vendors' knowledge of dangers of gas excused lack of warning, even though injured party was innocent bystander); *Eyster v. Borg-Warner Corp.*, 131 Ga. App. 702, 704 (2) (206 SE2d 668) (1974).

There are some cases that indicate under certain circumstances a bystander may be entitled to a warning. See, e.g., *Dorsey Trailers Southeast v. Brackett*, 185 Ga. App. 172, 174 (2) (363 SE2d 779) (1987); *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 335 (2) (319 SE2d 470) (1984). We need not decide this issue. Even if warnings were required and had been placed on the outside of the outrigger arms for the benefit of innocent bystanders, Daniels testified he paid no attention to the arms prior to the accident, and thus would not

have seen any warnings proposed by experts. Proximate cause cannot be shown. See *Talley v. City Tank Corp.*, 158 Ga. App. 130, 134 (3) (279 SE2d 264) (1981) (proximate cause is a necessary element of a product liability case).

The court did not err in granting summary judgment on the "failure to warn" claim.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 29, 1999.

*Randall M. Clark, Edward E. Boshears*, for appellant.

*Fendig, McLemore, Taylor, Whitworth & Durham, Gilbert C. McLemore, Jr.*, for appellee.