A01A0696. VICKERY et al. v. WASTE MANAGEMENT OF GEORGIA, INC. et al.
(549 SE2d 482)

JOHNSON, Presiding Judge.

Kathy Vickery worked at Fort Howard Paper Company. On January 27, 1997, she was killed at work when a company truck carrying large refuse containers backed over her. In 1998, her husband, Clyde Vickery, initiated an action, which he later amended, alleging product liability and failure to warn against five defendants: (1) E & J Truck Sales, Inc., which had sold the truck to Fort Howard in 1987; (2) Waste Management of Georgia, Inc., which had leased the refuse

---

containers to Fort Howard; (3) Galbreath, Inc., which had manufactured the hoist used to move the containers on and off the truck; (4) Hamby Truck & Equipment Sales, Inc., which had mounted the hoist on the truck and (5) Consolidated Disposal Systems, Inc., the equipment dealer which had obtained the hoist for the truck. The crux of Vickery's complaint was that the defendants were liable for failing to install an alarm on the truck which would have warned bystanders when the truck was moving backward.

E & J, Waste Management, Galbreath, Hamby and Consolidated all moved for summary judgment. Before the court had ruled on all the motions, Vickery and Consolidated reached a settlement, and the action against Consolidated was dismissed. Ultimately, the court granted summary judgment to the four remaining defendants on Vickery's claims.

Vickery appeals, arguing that the court erred in granting summary judgment against him on both the product liability and failure to warn claims. Because Vickery's arguments are without merit, we affirm the trial court's grant of summary judgment to E & J, Waste Management, Galbreath and Hamby.

1. Vickery admits that his product liability claim was filed beyond the applicable ten-year statute of repose set forth in OCGA § 51-1-11 (b) (2), which provides: "No action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury."

But, he argues, a "willful disregard for life" exception to the ten-year limit applies to his product liability claim. Under OCGA § 51-1-11 (c), the ten-year limitation does not apply to "an action seeking to recover from a manufacturer for injuries or damages . . . arising out of conduct which manifests a willful, reckless, or wanton disregard for life or property."

Pretermitting the issue of whether E & J, Waste Management, Galbreath or Hamby was a "manufacturer" of the truck that killed Vickery's wife, Vickery has pointed to no evidence in the record showing that any of them acted with a wilful, reckless or wanton disregard for life or property. It is telling that in the entire argument section of his brief on this issue, Vickery makes no citations to the record to support his conclusory statement that there was wilful misconduct.

We are guided not by such unsubstantiated conclusions, but by the legal principles that wilful conduct is based on an actual intent to cause harm or injury and that wanton conduct is that which is so reckless or so indifferent to consequences that it is equivalent in

spirit to actual intent.[1] Because there is no evidence that E & J, Waste Management, Galbreath or Hamby failed to install an alarm on the truck or its components with the actual intent of causing injury or with a reckless indifference to consequences, we must conclude that the wilful misconduct exception to the ten-year statute of repose is inapplicable to this case. Vickery's reliance on that exception is thus misplaced, and he has failed to show that the trial court erred in granting summary judgment on his product liability claim.

2. Vickery contends that the trial court erred in granting summary judgment against him on the failure to warn claim.[2] The contention is without merit.

It is well established that a manufacturer or seller has no duty to warn of a product danger that is obvious or generally known.[3] In the instant case, the fact that the truck which backed over Kathy Vickery would sometimes move in reverse was an obvious and well-known danger that did not require a warning from E & J, Waste Management, Galbreath or Hamby.

And, contrary to Vickery's claim, there was no requirement that his wife be warned that the truck did not have a beeper indicating when it was backing up. Any such warning, if needed, would have been given to the purchaser of the truck, not to a bystander.[4] Moreover, such a warning to the purchaser was not even necessary in this case because Fort Howard, which had purchased the truck and used it for ten years, and the Fort Howard truck driver at the time of the accident actually knew that the vehicle did not have a backing-up alarm.[5] Because there was no duty on E & J, Waste Management, Galbreath or Hamby to warn of the obvious and well-known danger of the truck moving in reverse, the trial court did not err in granting summary judgment against Vickery on his failure to warn claim.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 17, 2001 

*Savage, Turner & Pinson, Brent J. Savage, C. Dorian Britt,* for appellants.

*Branan, Searcey & Smith, David R. Smith, Howard & Whatley, Thomas G. Whatley, Jr., Forbes & Bowman, Morton G. Forbes,*

---

[1] *Hendon v. DeKalb County*, 203 Ga. App. 750, 758 (5) (417 SE2d 705) (1992) (physical precedent).

[2] As Vickery notes, and as the trial court found, the ten-year statute of repose does not apply to the failure to warn claim. See OCGA § 51-1-11 (c); *Daniels v. Bucyrus-Erie Corp.*, 237 Ga. App. 828, 829 (516 SE2d 848) (1999).

[3] *Daniels,* supra.

[4] *Exxon Corp. v. Jones*, 209 Ga. App. 373, 375-376 (433 SE2d 350) (1993).

[5] See *Daniels,* supra at 829-831; *Exxon Corp.,* supra.

*Johnny A. Foster, Ellis, Painter, Ratterree & Bart, Ryburn C. Ratterree, Jeffrey R. Harris,* for appellees.